# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

NOEL CALDERON,
CHRIS BELL, and
NIEL GARCIA,

    Plaintiffs,

v.                                                  No. 1:16-cv-00938 JCH/KBM

LEA COUNTY CORRECTIONAL
FACILITY, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Plaintiff's civil rights complaint (Doc. 1, supplemented by Docs. 13 and 14) and motion seeking a review his civil rights claims (Doc. 19). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. He alleges prison officials waged a "campaign of terror" against him when he complained about sexual harassment. After conducting a *sua sponte* review under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the complaint and grant Plaintiff thirty (30) days from the entry of this Order to amend his pleading.

### Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## Background

The Court assumes the following facts taken from the complaint are true.

Plaintiff arrived at the Roswell Correctional Center ("RCC") on January 22, 2016. *See* Doc. 1, p. 6. He was not well liked by the prison staff. *Id.* Sergeant Ramirez and Lieutenant Rivera were particularly harsh, calling him lewd names and issuing slang directives about performing certain sex acts on them. *Id.* On or about February 13, 2016, Plaintiff filed a sexual harassment complaint against those officers pursuant to the Prison Rape Elimination Act ("PREA"). *Id.* at p. 6; Doc. 13, p. 3.

For the next three days, RCC's warden, counselors, and prison guards waged a

"campaign of terror" against Plaintiff in retaliation for the complaint. *See* Doc. 1, p. 6-7. Sergeant Ramirez deprived him of food, conducted unnecessary strip searches, made him stand naked for hours, and called him a "snitch" and other names. *Id.* at p. 7. Lieutenant Rivera used similar insults and threatened to put a "hit" on Plaintiff (*i.e.,* cause other inmates to attack him). *Id.* at p. 6. Officers Sena and Juertta told other prisoners about the PREA complaint, and Lieutenant Briscoe, Captain Castillo, and Officer Virrueta publically "shamed" Plaintiff. *Id.* at p. 6-7; Doc. 13, p. 1. All of these actors also allegedly conspired to falsify documents, although there are no further details on that point. *See* Doc. 1, p. 7. Plaintiff feared for his safety and requested a transfer to another prison. *See* Doc. 1, p. 7.

On February 15, 2016, two days after the PREA complaint, another RCC inmate (Patrick Flores) was attacked. *See* Doc. 13, p. 2. A confidential informant identified Plaintiff as one of the assailants. *See* Doc. 13, p. 3; Doc. 14, p. 2. However, Plaintiff asserts he was not involved and that various RCC officers conspired to frame him for the crime. *See* Doc. 13, p. 3; Doc. 1, p. 6-7. The extent of each officer's involvement in the conspiracy is not clear, as the complaint and supplements are somewhat inconsistent with respect to each actor's role. *See* generally Docs. 1, 13, and 14.

On February 16, 2016, Plaintiff was transferred to the Lea County Correctional Facility ("LCCF"). *See* Doc. 1, p. 7; Doc. 13, p. 3. Lieutenant Rivera (a target of Plaintiff's PREA complaint) drove the transport van. *Id.* He turned up the heater even though it was summer and played loud music during the three hour trip. *See* Doc. 13, p. 3. Plaintiff asserts he suffered heat rash, mental distress, and permanent hearing damage. *Id.*

When he arrived at LCCF, Plaintiff was placed in segregation and charged with the attack on Flores. *Id.* at p. 4. RCC Officer John Crocker was assigned to hear that case as well as the

PREA complaint. *Id.* Plaintiff viewed this as a conflict, as Officer Crocker was friends with Sergeant Ramirez and Lieutenant Rivera. *Id.* Officer Crocker allegedly warned that Plaintiff would be found guilty for the attack if he refused to withdraw the PREA complaint. *Id.* When Plaintiff refused, he was adjudged guilty despite reports by two other assailants that he was not involved in the attack. *Id.* LCCF placed Plaintiff in some type of segregation unit pending completion of a "predator program." *Id.* He alleges he "sat in segregation at LCCF from February 16, 2016 to May 28, 2016," but later states he completed a year in segregation. *Id.* at p. 7.

Plaintiff seeks $370,000 in damages from various wardens, officers, and caseworkers at RCC and LCCF.[1] He lists Chris Bell and Niel Garcia as "co-plaintiffs" in the action, but they did not sign the complaint, are not mentioned in the prayer for relief, and are clearly meant to be witnesses. The Court will therefore remove them from the case caption and screen Plaintiff's claims.

Analysis

To state a cognizable claim under 42 U.S.C. § 1983, the plaintiff must demonstrate "a deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official has personally violated the Constitution, and that there is a connection between the conduct and the violation. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998); *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff identifies two potential constitutional violations: cruel and unusual punishment,

---

[1] From RCC, Plaintiff names: (1) the warden; (2) Sergeant Ramirez; (3) Mary Christian, a deputy warden and PREA investigator; (4) Lieutenant Briscoe; (5) Officer Sena; (6) Lieutenant Rivera; (7) Captain Castillo; (8) Officer Juertta, sometimes spelled "Guerrta"; (9) Lieutenant Reyes; and (10) Officer Croker. *See* Doc. 1, p. 3-5. From LCCF, Plaintiff names: (1) Warden Smith; (2) Caseworker Prieto; (3) Lieutenant Rivas; (4) Lieutenant Richardson; (5) Miss Beard; and (6) Captain Herrera. *Id.*

4

and the deprivation of due process in connection with his disciplinary proceeding. The former implicates the Eighth Amendment, which prohibits "the unnecessary and wanton infliction of pain…" *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2013) (internal quotations omitted). To demonstrate an Eighth Amendment violation, the alleged abuse must be objectively serious and harmful, and the government official must "act[] with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2013).

Due process concerns implicate the Fourth Amendment, which provides certain procedural guarantees before a citizen is deprived of life, liberty, or property. *See Chambers v. Colorado Dep't of Corr.,* 205 F.3d 1237, 1242 (10th Cir. 2000). These protections are fairly limited in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). To demonstrate a Fourth Amendment violation, the prisoner must first show the discipline threatened a protected liberty interest. Placement in segregation can qualify, depending on the: (1) penological interest; (2) the conditions of placement; and (3) the duration, including whether it is indeterminate. *See Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). If the prisoner clears that hurdle, they must then show the disciplinary officer was not impartial or failed to provide: "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement … of the evidence relied on and the reasons for the disciplinary action." *Gwinn v. Awmiller,* 345 F.3d 1211, 1219 (10th Cir. 2004).

The complaint contains allegations that, if described in more detail, could potentially demonstrate a constitutional violation. However, Plaintiff's current filings are not sufficient to survive initial review under § 1915(e) because it is not clear which claims Plaintiff is asserting

5

against which defendants for which actions.  *See Baker v. City of Loveland*, 2017 WL 1485006, at *1 (10th Cir. April 26, 2017) (affirming the dismissal of a pro se complaint because it "lack[ed]clarity about what each defendant allegedly did to incur liability").  The complaint consists of three handwritten submissions, which appear to contain conflicting facts.  "It [is] not the district court's [role] to stitch together cognizable claims for relief from [a] … deficient pleading" or otherwise construct arguments for a litigant.  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  The Court will therefore dismiss Plaintiff's complaint without prejudice and grant Plaintiff an opportunity to file one complaint, signed under penalty of perjury, on the Court's official form.

The Court emphasizes that the amended pleading should contain a "short and plain statement" setting forth "all of the legal claims being asserted."  *Mann*, 477 F.3d at 1148 (citing Fed. Civ. P. R. 8(a)).  When naming the defendants, Plaintiff must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).  He should not list fact witnesses such as Chris Bell and Niel Garcia as "co-plaintiffs" unless those individuals wish to sign the amended complaint and prosecute the action.   Plaintiff should also bear in mind that under Tenth Circuit law, insults and slurs are generally insufficient to amount to a constitutional violation.  *See Sims v. Hickok,* 185 F.3d 875 (10th Cir. 1999) (unpublished).

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint (Doc. 1,

supplemented by Docs. 13 and 14) is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may granted.

IT IS FURTHER ORERED that Plaintiff may file an amended complaint on the proper form within 30 days of entry of this order.

IT IS FURTHER ORDERED the Clerk of Court is directed to remove Chris Bell and Niel Garcia from the case caption and mail to Plaintiff, together with a copy of this Order, a form § 1983 civil rights complaint.

IT IS FURTHER ORDERED that Plaintiff's motion seeking a review of his civil rights claims (Doc. 19) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE