# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NOEL CALDERON,

    Plaintiff,

v.                                                                                                    No. 1:16-cv-00938 JCH/KBM

LEA COUNTY CORRECTIONAL
FACILITY, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Plaintiff's civil rights complaint (Doc. 1, supplemented by Docs. 9, 13 and 14). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the complaint for failure to state a claim and failure to prosecute. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

On August 16, 2016, Plaintiff filed a civil rights complaint challenging his treatment at the Roswell Correctional Center ("RCC") and the Lea County Correctional Facility ("LCCF"). The complaint alleges RCC officials made lewd, abusive comments towards him. (Doc. 1, p. 6). When Plaintiff filed a sexual harassment complaint, the officials allegedly waged a "campaign of terror" against him, which included framing him for an attack on another inmate, strip searches, threats, and public shaming. (Doc. 1, p. 6-7; Doc. 13, p. 1, 3). Plaintiff was transferred to LCCF a few days later, where he alleges prison officials violated his due process rights in connection with a disciplinary proceeding and wrongfully placed him in segregation. (Doc. 13, p. 4, 7). The complaint seeks $370,000 in damages from 16 named and unnamed individuals at RCC and LCCF[1]

---

[1] From RCC, Plaintiff names: (1) the warden; (2) Sergeant Ramirez; (3) Mary Christian, a deputy warden and PREA investigator; (4) Lieutenant Briscoe; (5) Officer Sena; (6) Lieutenant Rivera; (7) Captain Castillo; (8) Officer Juertta,

pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments.

By a Memorandum Opinion and Order entered September 22, 2017 (Doc. 21), the Court dismissed the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Specifically, it was unclear which claims Plaintiff was asserting against which defendants for which actions. (Doc. 21, p. 5-6). Plaintiff's submissions also appeared to contain conflicting facts. (Doc. 21, p. 6). The ruling cited relevant Tenth Circuit cases describing how to cure these defects and state a claim for cruel and unusual punishment and/or the violation of due process in connection with prison disciplinary proceedings. *See, e.g. Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2013) (To demonstrate an Eighth Amendment violation, the alleged abuse must be objectively serious and harmful, and the government official must "act[] with a sufficiently culpable state of mind."); *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007) (setting out factors to determine whether placement in segregation threatens a protected liberty interest); *Gwinn v. Awmiller,* 345 F.3d 1211, 1219 (10th Cir. 2004) (describing due process requirements for a prison disciplinary proceeding).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until October 23, 2017) to amend his complaint. The Court advised that if he failed to timely file an amended complaint, the case could be dismissed with prejudice and without further notice. Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order. It also appears that Plaintiff has been transferred or released from custody with advising the Court of his new address as required by D.N.M. LR-Civ. 83.6, thus

---

sometimes spelled "Guerrta"; (9) Lieutenant Reyes; and (10) Officer Croker. *See* Doc. 1, p. 3-5. From LCCF, Plaintiff names: (1) Warden Smith; (2) Caseworker Prieto; (3) Lieutenant Rivas; (4) Lieutenant Richardson; (5) Miss Beard; and (6) Captain Herrera. *Id.*

severing contact with the Court. (Doc. 22). This action will therefore be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted and under Fed. R. Civ. P. 41(b) for failure to prosecute.

Such dismissal counts as a strike under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

For the foregoing reasons, **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted; and judgment will be entered.

**IT IS FURTHER ORERED** that a strike is **IMPOSED** against Plaintiff Noel Calderon under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE